IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Raymond L. Amerson, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:09-2857-HMH-JRM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 of the District of South Carolina.[1] Raymond L. Amerson ("Amerson") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. In his Report, Magistrate Judge McCrorey recommends reversing the Commissioner's decision and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. For the reasons stated, the court reverses the Commissioner's decision and remands the case for further consideration as set forth below.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

## I. Factual and Procedural Background

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 8-16), and summarized as follows. At the time of the hearing before the ALJ, Amerson was a fifty-five-year-old man with a high school education. (Id. at 14.) His past employment includes work as a farmer. (Id.) He alleges disability due to back pain, depression, and irritable bowel syndrome ("IBS"). (Id. at 10.)

On October 2, 2006, Amerson filed an application for DIB. (R. at 8.) The application was denied initially and on reconsideration. On June 23, 2009, after a hearing on March 19, 2009, the ALJ found that Amerson was not disabled within the meaning of the Social Security Act. (Id. at 13.) The Appeals Council denied Amerson's request for review of the ALJ's decision on September 14, 2009, thereby making the determination of the ALJ the final decision of the Commissioner. (Id. at 1.) Amerson filed the instant action on November 2, 2009.

## II. The Report and Recommendation

The magistrate judge recommends reversing the Commissioner's decision and remanding the case because the ALJ's residual functional capacity ("RFC") determination and credibility assessment are not supported by substantial evidence. (Report & Recommendation, generally.) The magistrate judge states that the ALJ erred in: (1) failing to address Amerson's back impairment and IBS in determining his RFC and (2) evaluating Amerson's credibility. (Id.)

## III. Discussion of the Law

### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). Accordingly, the court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations and quotation marks omitted). Hence, absent any error of law, if the Commissioner's findings are supported by substantial evidence, the court should uphold the Commissioner's findings even if the court disagrees. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

### B. Objections

The Commissioner filed objections to the Report and Recommendation arguing that the ALJ (1) sufficiently explained the effects of Amerson's nonexertional impairments, pain from his back impairment and IBS, on his RFC; and (2) clearly explained the credibility findings.

#### 1. Amerson's RFC

Amerson alleges that the RFC imposed by the ALJ does not take into account all of his impairments and fails to comply with SSR 96-8p, 1996 WL 374184 (1996). The ALJ concluded that Amerson retained the RFC to perform unskilled medium work. (R. at 13.) The court finds that the ALJ's RFC assessment is not supported by substantial evidence.

An RFC "is the most [a claimant] can still do despite [his] limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R. § 404.1545(a)(1). The RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings)" and the ALJ "must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (1996).

In determining Amerson's RFC, the ALJ summarized the medical evidence including the medical evidence regarding his IBS and pain from his back. The ALJ concluded as follows:

> I have evaluated the medical evidence concerning the claimant's depression and find that such mental impairment creates a mild restriction of his activities of daily living, mild difficulties in maintaining social functioning and moderate deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner. He has not experienced an episode of deterioration or decompensation in a work or work-like setting causing him to withdraw from that situation. The effect of these limitations is to restrict the claimant to unskilled work.

(R. at 13.) Subsequently, the ALJ considered Amerson's complaints of pain and found them "not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Id. at 14.) In conclusion, the ALJ noted that

> Upon review of the total evidence of record, and in consideration of the combined effect of the claimant's impairments, including all severe impairments, nonsevere impairments, and subjective complaints, I find the claimant's back pain, depression, and irritable bowel syndrome could reasonably be expected to preclude heavy work activity but would allow the claimant to perform medium and unskilled work through his date last insured.

4

(Id.) The Commissioner argues that because the ALJ summarized the medical evidence and explained that he had considered the combined effect of all of Amerson's impairments, the ALJ sufficiently explained the impact of Amerson's IBS and pain on his ability to work. (Objections, generally.) Further, the Commissioner submits that although the ALJ did not specifically discuss breaks, a normal workday includes three breaks at two hour intervals, which would accommodate Amerson's need for breaks or to use the restroom. SSR 96-9p, 1996 WL 374185, at *6 (1996). The court disagrees. The ALJ failed to explain the impact of Amerson's IBS and pain on his ability to work. In addition, the ALJ did not state that Amerson's IBS and need to change position due to pain would be accommodated through regularly scheduled breaks during the normal workday. Therefore, it is unclear whether the ALJ properly considered the impact of IBS and back pain in determining Amerson's RFC. Based on the foregoing, the ALJ's RFC assessment is not supported by substantial evidence.

### 3. Subjective Complaints

The Commissioner alleges that the ALJ clearly stated his reasons for discounting Amerson's credibility. (Objections 3-4.) "[T]he determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig, 76 F.3d at 594. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and *which could reasonably be expected to produce the pain or other symptoms alleged*." Id. In order "for [symptoms] to be found to be disabling, there *must* be shown a medically determinable impairment which could

reasonably be expected to cause not just pain, or some pain, or pain of some kind or severity, but *the [symptoms] the claimant alleges [he] suffers*." Id. "It is only *after* a claimant has met [his] threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the [symptoms] claimed, that the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work, must be evaluated." Id. at 595.

The magistrate judge found that the ALJ's credibility determination is not supported by substantial evidence because "it is based on an RFC determination which is not supported by substantial evidence" and "it is unclear from the decision why the ALJ discounted Plaintiff's credibility." (Report & Recommendation 15.) Amerson's testimony "need not be accepted to the extent . . . [that it is] inconsistent with the available evidence . . . ." Hines v. Barnhart, 453 F.3d 559, 565 n.3 (4th Cir. 2006). "[O]bjective medical evidence and other objective evidence are . . . crucial to evaluating the intensity and persistence of a claimant's [certain symptoms] and the extent to which [they] impair[] [his] ability to work." Craig, 76 F.3d at 595. "Although a claimant's allegations about [the severity of his symptoms] may not be discredited solely because they are not substantiated by objective evidence of the [symptoms] [themselves] or [their] severity, they need not be accepted to the extent they are inconsistent with the available evidence . . . ." Id.

When objective evidence conflicts with a claimant's subjective statements, an ALJ is allowed to give the statements less weight. SSR 96-7p, 1996 WL 374186, at *1 (1996).

6

> In determining the credibility of [a claimant's] statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.

Id. The ALJ summarized Amerson's testimony and demeanor during the hearing and concluded that "[a]fter careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity evaluation." (R. at 14.) Having found that the RFC assessment is not supported by substantial evidence, the court cannot determine whether the ALJ's credibility assessment is supported by substantial evidence. Based on the foregoing, the court adopts the magistrate judge's report and recommendation.

Therefore, it is

**ORDERED** that the Commissioner's decision is reversed under sentence four of 42 U.S.C. § 405(g), and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

**IT IS SO ORDERED**.

>                                   s/Henry M. Herlong, Jr.
>                                   Senior United States District Judge

Greenville, South Carolina
December 7, 2010