IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Raymond L. Amerson,                    )
                                       )
        Plaintiff,                )   C.A. No. 3:09-2857-HMH-JRM
                                       )
vs.                                    )   **OPINION & ORDER**
                                       )
Michael J. Astrue, Commissioner of     )
Social Security Administration,        )
                                       )
        Defendant.                )

This matter is before the court on a motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(d). Raymond L. Amerson, ("Amerson") seeks attorney fees for services rendered in the above-captioned social security action in the amount of Four Thousand Three Hundred Ninety-One Dollars and Ninety-One Cents ($4,391.91). The Commissioner of Social Security ("Commissioner") objects to the request for attorney fees.

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." Smith v. Heckler, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). "In order to defeat an award, the government must show that its case had a reasonable basis both in law and

1

fact." Id. "Substantially justified" means "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). Hence, the "substantially justified" standard is "satisfied if there is a genuine dispute . . . or if reasonable people could differ as to the appropriateness of the contested action." Id. (internal quotation marks and citations omitted).

After review of the record, the court finds that the Commissioner's decision was substantially justified because reasonable minds could differ as to the appropriate outcome in this action. The court remanded this action because the

> ALJ failed to explain the impact of Amerson's [irritable bowel syndrome ("IBS")] and pain on his ability to work. In addition, the ALJ did not state that Amerson's IBS and need to change position due to pain would be accommodated through regularly scheduled breaks during the normal workday. Therefore, it is unclear whether the ALJ properly considered the impact of IBS and back pain in determining Amerson's [residual functional capacity ("RFC")].

(Order 5.)

The Commissioner argues that his position that the ALJ had properly considered Amerson's IBS and pain is substantially justified because the ALJ "discussed the medical evidence and Plaintiff's testimony, and then stated that Plaintiff's 'back pain, depression, and irritable bowel syndrome could reasonably be expected to preclude heavy work activity but would allow the claimant to perform medium and unskilled work . . . .'" (Def. Resp. Opp'n 3.) Further, the Commissioner notes that the "ALJ stated he had considered the 'combined effect' of Plaintiff's impairments, 'including all severe impairments, nonsevere impairments, and subjective complaints' in determining Plaintiff's residual functional capacity." (Id.) The RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings)" and the ALJ "must also

2

explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (1996). Although the ALJ's decision included a narrative discussion, the ALJ's decision did not include a narrative discussion describing how the evidence supported the ALJ's conclusion regarding Amerson's IBS and pain. However, the Commissioner's argument that the ALJ's decision was proper because the ALJ summarized the medical evidence and explained that he had considered the combined effect of all of Amerson's impairments, although unsuccessful, was substantially justified and reasonable minds disagreed about the Commissioner's final decision.

Further, the court concluded that "[h]aving found that the RFC assessment is not supported by substantial evidence, the court cannot determine whether the ALJ's credibility assessment is supported by substantial evidence." (Order 7.) The court could not determine whether the ALJ's findings regarding Amerson's credibility were supported by substantial evidence because of the improper RFC analysis. However, for the reasons stated above and after review of the record, the Commissioner's argument that the ALJ adequately considered and evaluated Amerson's credibility was reasonable because the Commissioner reasonably argued that the RFC assessment was proper and the ALJ identified several reasons for discounting Amerson's credibility. As such, the court concludes that the Commissioner's position was substantially justified and denies Amerson's motion for attorney fees pursuant to the EAJA.

It is therefore

**ORDERED** that Amerson's motion for attorney fees under the EAJA, docket number 22, is denied.

**IT IS SO ORDERED**.

                                                 s/Henry M. Herlong, Jr.
                                                 Senior United States District Judge

Greenville, South Carolina
April 8, 2011